### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

DAWN PRATT,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 08-CV-711-FHM

### OPINION AND ORDER

The Commissioner's Motion to Dismiss Plaintiff's Complaint [Dkt. 10] and Plaintiff's Motion to Stay [Dkt. 11] are before the undersigned United States Magistrate Judge for decision. The Motion to Dismiss [Dkt. 10] is GRANTED and the case is dismissed as untimely filed. The Motion to Stay [Dkt. 11] is DENIED.

### Background

On September 24, 2008, the Appeals Council sent a Notice of Appeals Council Action by mail to Plaintiff, which was the last action required to be performed by the Social Security Administration to enable Plaintiff to pursue an action in the district court for judicial review of the decision denying Plaintiff's application for Social Security disability benefits. [Dkt. 10-2, p. 19]. The Notice informed Plaintiff that she had 60 days to file a civil action to ask for court review. [Dkt. 10-2, p. 20]. The Notice also advised that it would be assumed that she received the Notice five days after the date on it and that any request for an extension of time to file for court review must be requested of the Appeals Council in writing. *Id*. A copy of the Notice was also directed to Plaintiff's representative, J. Stephen McClellan. *Id*. at p. 21.

The sixty-fifth day after the date of the Notice was November 27, 2008. The Courthouse was not open for business that day, as it was Thanksgiving. The Courthouse was also closed on Friday November 28, and on the 29th and 30th for the weekend. The first day the Courthouse was open for business following the sixty-fifth day after the date of the Notice was December 1, 2008. Plaintiff's Complaint was filed on December 2, 2008. [Dkt. 2].

## Discussion

Judicial review of decisions on claims arising under the Social Security Act are limited by 42 U.S.C. § 405(g) and (h), which provide:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow** . . .
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. **No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or government agency except as herein provided** . . .

[emphasis supplied].

Plaintiff does not argue that her Complaint was timely filed, or otherwise assert that the Court has jurisdiction over this action. Instead, Plaintiff asks the Court to stay its decision on the Motion to Dismiss to enable her to request additional time from the Social Security Administration. In response to Plaintiff's Motion for Stay, the Commissioner asserts sovereign immunity and argues, "[t]here is no legal authority for the court to hold

the Complain in abeyance for an undetermined period of time." [Dkt. 12, p. 2]. Plaintiff did not file a reply brief and has not otherwise cited any authority for her request for a stay.

The Commissioner's decision on Plaintiff's request for additional time under §405(g) is not subject to judicial review, unless challenged on constitutional grounds. *Dozier v. Bowen*, 891 F.2d 769, 771 (10th Cir. 1989). Social Security appeals not commenced within the statutory time afforded by §405(g) are subject to being dismissed on a motion to dismiss. *Id.* at 770.

The Court finds that Plaintiff's Complaint was not filed within 60 days after the mailing of the notice of the Commissioner's decision, the Commissioner has not extended the time for filing suit under 42 U.S.C. § 405(g), and Plaintiff has offered no authority for the stay she requests.

## Conclusion

Based on the foregoing, the Motion to Dismiss [Dkt. 10] is GRANTED and the case is dismissed as untimely filed. The Motion to Stay [Dkt. 11] is DENIED.

SO ORDERED this 8th day of May, 2009.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE